IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| WILLIAM L. MAY III,    ) | |
|    ) | |
|    **Plaintiff,**   ) | |
|    ) | |
| **v.**   ) | **CIVIL ACTION FILE NO.** |
|    ) | |
| DERRICK N. WILLOCK, and   ) | |
| OLD DOMINION   ) | |
| FREIGHT LINE, INC.,   ) | |
|    ) | |
|    **Defendants.**   ) | |

**COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY**

COMES NOW Plaintiff William L. May III in the above-styled action and

hereby files this Complaint as follows:

1.

Plaintiff William L. May III is an individual and citizen of the State of South

Carolina and subjects himself to the jurisdiction of this Court.

2.

Defendant Derrick N. Willock is an individual and citizen of the State of

Georgia residing at 4203 Swamp Cypress Trail, Gainesville, Hall County,

Georgia 30504.

3.

Defendant Willock has been properly served with sufficient process in this action.

4.

Defendant Old Dominion Freight Line, Inc. (hereinafter "Old Dominion") is a foreign entity incorporated under the laws of the State of North Carolina with its principal office address at 500 Old Dominion Way, Thomasville, Davidson County, North Carolina, 27360.

5.

Defendant Old Dominion is registered to conduct business in the State of Georgia and may be served with process through its registered agent, CT Corporation System, at 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia 30046.

6.

Defendant Old Dominion has been properly served with sufficient process in this action.

7.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(l) as more than $75,000.00 is in controversy and Plaintiff andDefendants are citizens of different states.

8.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(c) and (d), as Defendants maintain minimum contacts and transact business in the Northern District of Georgia, Gainesville Division, and are subject to personal jurisdiction in the Northern District of Georgia, Gainesville Division.

9.

Further, venue is proper in this Court as outlined and described in 28 U.S.C. § 90 (the Northern District of Georgia consists of four divisions). Defendant Willock resides in Hall County, one of the counties comprising the Gainesville Division as outlined in LR 3.1 and LR App. A, I. Under LR 3.1(B)(1)(a), an action may be brought in any division in which one defendant resides.

10.

The collision at issue in this action occurred in Greenville County, South Carolina.

*FACTS*

11.

At all times relevant to this action, Defendant Old Dominion operated as an interstate common carrier of goods for hire.

12.

At all times relevant to this action, Defendant Old Dominion employed Defendant Willock as an interstate commercial driver.

13.

At all times relevant to this action, Defendant Willock held a commercial driver's license.

14.

At all times relevant to this action, Defendant Old Dominion furnished Defendant Willock with a tractor-trailer to carry out his duties.

15.

At all times relevant to this action, Defendant Willock was in the course and scope of his employment and agency with Old Dominion.

16.

At all times relevant to this action, Defendant Willock suffered from diabetes.

17.

At all times relevant to this action, Defendant Willock was aware poorly controlled blood glucose levels posed a threat to his faculties and the motoring public.

18.

At all times relevant to this action, Defendant Old Dominion had knowledge that Defendant Willock was diabetic.

19.

At all times relevant to this action, Defendant Old Dominion was aware poorly controlled blood glucose levels posed a threat to Defendant Willock's faculties and the motoring public.

20.

Based upon Defendant Willock's physical appearance and medical history, Defendant Old Dominion knew or should have known that Defendant's diabetes was poorly controlled and placed the motoring public at risk.

21.

At approximately 8:20am on May 24, 2019, Defendant Willock was operating a 2016 Freightliner Tractor towing a double trailer in the southbound lanes of I-85 near its Pelham Road exit in Greenville County, South Carolina.

22.

At the same time and place, heavy traffic conditions caused the flow of southbound traffic to slow to a stop.

23.

At the same time and place, Defendant Willock failed to appreciate and slow for the stopped traffic ahead, causing him to crash into the rear of and crush a Honda Civic sedan—killing the driver.

24.

After crushing the Honda Civic sedan, Defendant Willock continued forward and crashed into the rear of Plaintiff May III's Honda Odyssey van, shoving the van left and crashing it into I-85's median wall.

25.

After crashing into Plaintiff May's van, Defendant Willock continued forward, causing his tractor-trailer to jack-knife, where it came to an uncontrolled rest off of southbound I-85's shoulder.

26.

While at the scene of the collision, Defendant Willock reported confusion to EMS.

27.

While at the scene of the collision, EMS tested Defendant Willock's blood glucose level, which was 335 mg/dl.

28.

The force of the collision caused bodily injuries and a traumatic brain injury to Plaintiff May III.

29.

As a direct and proximate result of the collision, Plaintiff May III has and will continue to incur medical expenses, has incurred lost income, has suffered a diminution in his earning capacity, suffered permanent impairment, and has and will continue to suffer pain and mental anguish.

*FIRST CAUSE OF ACTION*
*(Negligence/Negligence per se)*

30.

Plaintiff May III re-alleges the allegations of Paragraphs 1 through 29 above as if restated verbatim.

31.

Defendant Willock's conduct was willful, wanton, careless, negligent, grossly negligent, and reckless in the following particulars:

   a) In operating his vehicle at an improper speed for existing roadway and traffic conditions;

   b) In failing to keep a proper lookout;

   c) In failing to see and observe things that a reasonable person should see and observe;

d) In failing to maintain reasonable vigilance and anticipate others' use of the roadway;

e) In following other vehicles too closely;

f) In failing to appropriately apply his brakes or otherwise stop or move his vehicle;

g) In failing to sound his horn;

h) In driving his tractor-trailer in a careless and heedless fashion on the roadway so as to endanger the motoring public;

i) In failing to abide by the proper rules and regulations concerning appropriate rest;

j) In driving in an impaired and fatigued condition;

k) In driving recklessly;

l) In failing to use the degree of care and skill required by a safe driver under the same or similar circumstances; and

m) In failing to abide by the Federal Motor Carrier Safety Act.

32.

That the above acts and omissions were the direct and proximate cause of the injuries and damages sustained by Plaintiff May III herein, the said acts and omissions being in violation of the common and statutory law of the State of South Carolina, the Federal Motor Carrier Safety Act, and such other law as may apply.

*SECOND CAUSE OF ACTION*
*(Imputed Liability)*

33.

Plaintiff May III re-alleges and incorporates herein the allegations contained in paragraphs 1 through 32 above as if fully restated.

34.

At the time of the subject collision, Defendant Willock was operating his vehicle on behalf of, for the purposes of, under the dispatch of, and with the knowledge and consent of Defendant Old Dominion.

35.

At the time of the subject collision, Defendant Willock was the agent and employee of Defendant Old Dominion and was acting in the course and scope of his agency with, employment of, or in the furtherance of Defendant Old Dominion's business interests.

36.

Defendant Old Dominion is responsible for the actions of Defendant Willock in regards to the subject collision under the doctrine of *respondeat superior*, lease liability, agency, and/or apparent agency.

## THIRD CAUSE OF ACTION
### (Negligent Hiring, Training, Supervision, and Entrustment)

37.

Plaintiff May III re-alleges and incorporates herein the allegations contained in paragraphs 1 through 36 above as if fully restated.

38.

Defendant Old Dominion was negligent, negligent *per se*, careless, reckless, willful, and wanton in one or more of the following ways:

a) in hiring Defendant Willock and entrusting him to drive on the highways of South Carolina;

b) in failing to properly train Defendant Willock;

c) in failing to properly supervise Defendant Willock;

d) in failing to implement safety practices to assure safe operation of vehicles by its drivers;

e) in failing to exercise that degree of care and caution that a reasonable and prudent company would have exercised under the circumstances then and there prevailing;

f) Defendant Old Dominion's conduct is the sole and proximate cause of the collision and the Plaintiff's resulting injuries; and

g) In failing to abide by the Federal Motor Carrier Safety Act.

39.

This cause of action is not prohibited under South Carolina law. *See* James et al.

v. Kelly Trucking Co. et al., 377 S.C. 628, 661 S.E.2d 329 (2008) (South Carolina

does not prohibit plaintiff from pursuing a negligent hiring, training, supervision,

or entrustment claim once *respondeat superior* liability has been admitted).

40.

That the above acts and omissions were the direct and proximate cause of the

injuries and damages sustained by Plaintiff May III herein, the said acts and

omissions being in violation of the common and statutory law of the State of South

Carolina, the Federal Motor Carrier Safety Act, and such other law as may apply.

*FOURTH CAUSE OF ACTION*
*(Punitive Damages)*

41.

Plaintiff May III re-alleges and incorporates herein the allegations contained

in paragraphs 1 through 40 above as if fully restated.

42.

Defendant Old Dominion's conduct was reckless, willful, and wanton, and

demonstrates a conscious indifference to the consequences of its actions and

omissions, and entitles Plaintiff May III to an award of punitive damages.

**WHEREFORE**, Plaintiff prays that:

a) Process issue as provided by law;

b) Plaintiff has a trial by jury;

c) Plaintiff be awarded actual damages in amounts to be shown at trial from Defendants;

d) Plaintiff be awarded all general, special, compensatory, punitive, and other allowable damages in accordance with the enlightened conscience of an impartial jury from the Defendants and as permitted by law; and

e) Plaintiff has such other relief as this Court deems just and proper.

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.

Respectfully submitted this 24th day of May, 2021.

/s/ T. Charles Blaska II
T. Charles Blaska II
Georgia State Bar No. 940640
Dana J. Norman
Georgia State Bar No. 545790

**THE BLASKA LAW FIRM, LLC**
8565 Dunwoody Place, Suite A
Atlanta, Georgia 30350
(770) 998-1005 tel
(770) 998-2834 fax
Charles@blaskalaw.com
Dana@blaskalaw.com
*Attorneys for Plaintiff*